*548 BURDICK, Chief Justice,
dissenting.
I respectfully dissent from the majority because I believe that Eliasen’s actions amounted to a single course of conduct, rather than repeated acts of nonconsensual contact. I agree with the majority in that the statute identifies examples of conduct that may constitute stalking. However, I part ways with the majority as to the extent of the temporal break that is required before the conduct identified in the statute can amount to “repeated acts.” Under the majority’s analysis, an individual can be convicted of second degree stalking — an offense that carries with it a sentence of up to one year in jail or a $1,000 fine, or both — any time that individual parks outside the victim’s house and immediately begins to follow the victim once the victifn leaves the house. Therefore, even the most innocent conduct could amount to stalking under the majority’s interpretation. I believe it is more appropriate to require two or more isolated instances of conduct with an appreciable and identifiable temporal break in between them before an individual’s course of conduct can constitute “repeated acts of nonconsensual contact” under the statute.
Requiring a distinct and identifiable break in the defendant’s conduct would provide juries with a workable rule that would be easier to apply than a rule requiring juries to dissect the nature of the defendant’s conduct to determine whether it amounted to repeated acts. Accordingly, requiring isolated incidents with a temporal break in between would lead to more consistent and predictable results. Applying such a rule to these facts, had Eliasen appeared on a subsequent occasion and followed the victim again, even if it was a brief period after the first incident, it would have created an appreciable temporal break in her conduct sufficient to establish “repeated acts” under the statute.
However, that was not the case here. Instead, Eliasen’s conduct is better viewed as one continuous and indivisible act of following the victim rather than two or more isolated incidents that had an appreciable and identifiable temporal break between them. Indeed, Eliasen parked outside the victim’s house and immediately began following the victim after she pulled out of her driveway. At no point was there an appreciable temporal break in her contact with the victim. Therefore, in my opinion, Eliasen’s conduct is better viewed as a single instance of nonconsensual contact rather than repeated acts of nonconsensual contact.
Because I believe that “repeated acts” requires two or more isolated incidents of non-consensual contact with an appreciable temporal break in between, I cannot join in the majority’s analysis.
Justice W. JONES concurs.